ESTATE OF COID HURLBURT, DECEASED, AND MERLE HURLBURT, SURVIVING WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51779. Filed March 21, 1956.

*Arnold M. Chutkow, Esq.,* for the petitioners.
*William H. Welch, Esq.,* for the respondent.

OPINION.

MULRONEY, *Judge:* The Commissioner determined a deficiency in income tax in the amount of $4,555.07 for the calendar year 1947. The sole issue is whether certain contracts entered into by Coid Hurlburt, decedent, in the sale of certain parcels of real estate in 1947 were includible in income as amounts realized under section 111 (b) of the 1939 Internal Revenue Code.

All of the facts have been stipulated and they are herein incorporated by this reference.

The decedent, Coid Hurlburt, and his wife, Merle Hurlburt, filed a joint income tax return for the year 1947 with the then collector of internal revenue for the district of Colorado.

In 1947 Coid Hurlburt sold three parcels of farm property located in Washington County, Colorado. The sales were accomplished by what we will call contracts of sale, which were documents entitled "Receipt and Option." The contracts called for a downpayment which was receipted for in the contract, one or two further payments in 1947, and annual payments thereafter over the next 10 to 18 years until the full purchase price, with interest, was paid. In one contract the vendor agreed to accept purchaser's $8,000 farm as a part of the purchase price. It was provided in two of the contracts that one copy of the contract, together with abstract and warranty deed, be deposited with the Citizen's National Bank of Akron, Colorado, "until payments have been completed as agreed." The other contract did not have this provision but all three contracts, abstracts, and warranty deeds were actually deposited with the bank. The purchasers all took immediate possession of the farms and there were no defaults in the payments.

The taxpayer makes some argument that the receipt and option documents were not contracts of sale but options. This is based on the absence of express language in the instruments obligating the purchasers to pay the purchase price—the language is that the purchasers were to receive the deeds when all of the payments were made. There is some language in some of the Colorado decisions cited in the brief interpreting similar instruments which might tend to support this argument of petitioner. But we do not go into the question for there is much general authority holding such a contract will be held to be one of purchase and sale when it appears the general intention was to consummate a sale. There is much law on the subject and it would be impossible to harmonize all of the decisions interpreting doubtful documents as contracts rather than options. The purchasers who signed the documents are not before us. We are content to assume the documents are valid contracts of sale and we will treat them as such for the purpose of this decision.

Section 111 (a) of the 1939 Internal Revenue Code provides, in part: "The gain from the sale * * * of property shall be the excess of the amount realized therefrom over the adjusted basis * * *." Section 111 (b) of the 1939 Internal Revenue Code provides: "The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received."

There is no dispute over the vendor's adjusted base with regard to each of the three parcels and no dispute that in each instance it was more than the vendor received in money in the sale transaction in the year 1947, and no dispute that in each instance it was less than the full purchase price as stated in the contracts of sale. The vendor

reported his income in 1947 on the cash basis without reporting any gain on the three contract sales. The Commissioner argues the sales were complete in 1947 when the contracts, abstracts, and warranty deeds were delivered to the bank, the initial payments made, and the purchasers took possession of the properties. The respondent then contends the contracts for the deferred payment of the purchase price had a fair market value in 1947 equal to the unpaid balances and the entire gain from the sale was realized in 1947 under section 111 (b) of the 1939 Internal Revenue Code, *supra*.

The vital issue in this case is whether these contracts are to be valued in 1947 under section 111 (b), *supra*, and that value included as "amount realized" by vendor in that year. It is stipulated that: "The purchasers executed no notes, bonds, and other evidence of indebtedness other than the 'Receipts and Options' hereinbefore mentioned and gave no additional security."

The contracts did nothing more than evidence the amounts due the vendor over a period of years and as such can be regarded as little more than accounts receivable. The vendor was a cash basis taxpayer and he did not receive any notes, bonds, mortgages, or other evidence of indebtedness such as normally would be considered amounts realized by a cash basis taxpayer.

In a like situation in *Harold W. Johnston*, 14 T. C. 560, where the only evidence of indebtedness was the contract for future payments, we held such a contract could not be valued by a cash basis taxpayer, and that value included in the "amount realized" under section 111 (b). Cf. *Estate of Clarence W. Ennis*, 23 T. C. 799, appeal dismissed C. A. 6; *Nina J. Ennis*, 17 T. C. 465.

In *Harold W. Johnston, supra*, we said:

when the contract merely requires future payments and no notes, mortgages, or other evidence of indebtedness such as commonly change hands in commerce, which could be recognized as the equivalent of cash to some extent, are given and accepted as a part of the purchase price * * * [it] creates accounts payable by the purchasers and accounts receivable by the sellers which those two taxpayers would accrue if they were using an accrual method * * *. But such an agreement to pay the balance of the purchase price in the future has no tax significance to either purchaser or seller if he is using a cash system. * * *

It was stipulated that when the vendor died in 1948 these contracts were valued at the unpaid balances for Colorado State inheritance tax purposes, in the vendor's estate. That evidence is without significance in determining whether the contracts had possessed a fair market value in the hands of a cash basis taxpayer. Admittedly the contract rights were assets in the deceased vendor's estate. As such, they would be valued as of the date of death and this would be true even though they were not the type of asset which would be includible in the income of a cash basis taxpayer.

We hold, therefore, that the contractual obligations were not amounts realized in 1947, and that the only "amount realized" in 1947 by the decedent was the total of the cash payments actually received in that year. These payments were not in excess of the decedent's basis for the property sold, and consequently no gain was realized on such sales in the year 1947.

*Decision will be entered for the petitioners.*